# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| DERRICK ANDREW ROBERSON, Movant, | * | CIVIL ACTION NO.: 2:17-cv-2 |
| v. | * | (Crim. Case No.: 2:15-cr-10) |
| UNITED STATES OF AMERICA, Respondent. | * | |

**ORDER**

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's April 11, 2018 Report and Recommendation, dkt. no. 7, to which Movant Derrick Andrew Roberson ("Roberson") filed Objections, dkt. no. 9.[1] Roberson's Objections concerning putative criminal sentencing enhancements under U.S.S.G. §§ 3B1.1 and 2D1.1 are largely a reiteration of his arguments already presented, which the Magistrate Judge correctly rejected.

In his Objections, Roberson continues to contest this Court's calculation of his sentencing range under the United States Sentencing Guidelines. As the Magistrate Judge explained

[1] Prior to filing his Objections, Roberson also filed a Motion for Extension of Time to File Objection to the Order and Magistrate Judge's Report and Recommendation, dkt. no. 8. In light of Roberson's duly filed Objections, which the Court gives full consideration to in this Order, the Court **DISMISSES as moot** his Motion to Extend.

AO 72A
(Rev. 8/82)

in the Report and Recommendation, Roberson cannot contest his advisory Guidelines range through a Section 2255 Motion. Dkt. No. 7, pp. 19--20 (citing Spencer v. United States, 773 F.3d 1132, 1140 (11th Cir. 2014)). Moreover, Roberson's claims fail on the merits.

Contrary to Roberson's apparent misunderstanding of his sentence, the Court did not apply a specific role enhancement under U.S.S.G. § 3B1.1 when calculating his total offense level under the Guidelines. Pre-Sentence Investigation report ("PSI"), ¶ 20. Had the Court applied a role enhancement under this provision, Roberson's total offense level of thirty-three would have been increased by two to four points, thereby increasing his Guidelines sentencing range beyond 135 to 168 months' imprisonment.[2] PSI, ¶¶ 26, 51; see U.S.S.G. § 3B1.1. Although "conduct equates to role," dkt. no. 9, p. 2, in a broad, definitional sense, it does not equate to a role enhancement under the Sentencing Guidelines.

Roberson's second objection, that his sentence was unconstitutionally enhanced pursuant to U.S.S.G. § 2D1.1, is similarly misguided. Id. Section 2D1.1 sets forth the means by which to calculate a drug trafficker's Guidelines range based on the amount of controlled substances involved in the charged

[2] To the point, the Court sentenced Roberson at the bottom end of his Guidelines range, 135 months' imprisonment. Dkt. No. 7, p. 12. If a Section 3B1.1 role enhancement had been applied, this bottom end would have necessarily been higher and Roberson's likely sentence longer.

AO 72A
(Rev. 8/82)

offense. Roberson asserts this calculation does not apply to him because he was indicted for, and pleaded guilty to, "[c]onspiracy to [p]ossess with intent to distribute and distribute a quantity of [m]ethamphetamine and oxycodone," while Section 2D1.1 applies to "trafficking, manufacturing, exporting, [or] importing of a controlled substance." Id. Simply put, distribution of methamphetamine and oxycodone is trafficking of a controlled substance. Moreover, the statute Roberson was indicted under and pleaded guilty to violating is specifically referenced in Section 2D1.1. See Dkt. No. 7, pp. 2-3; U.S.S.G. § 2D1.1. For these reasons and those set forth by the Magistrate Judge, Roberson's claims fail on the merits.[3]

Accordingly, the Court **OVERRULES** Roberson's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Dkt. No. 7. The Court **DENIES** Roberson's Motion to Vacate, Set Aside, or Correct his Sentence, brought pursuant to 28 U.S.C. § 2255 and **DENIES** him leave to appeal *in forma pauperis* and a Certificate of Appealability.

---

[3] Likewise, for the reasons set forth by the Magistrate Judge, dkt no. 7, pp. 24-30, Roberson's final Objection regarding the unfairness of criminal proceedings and his present dissatisfaction with the terms of his plea agreement, dkt. no. 9, p. 3, are also without merit.

The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 23 day of July, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)